IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GERALD HINSHAW,                                                                            PLAINTIFF
Administrator of Estate of
Brian Keith Hinshaw,
Deceased

v.                                          Case No. 1:23-cv-1004

COUMBIA COUNTY, AR, *et al*.                                                              DEFENDANTS

## ORDER

Before the Court is Separate Defendant Darrell Elkins' ("Elkins") *pro se* Motion to Dismiss. ECF No. 25. Plaintiffs have not responded. The Court finds the matter ripe for consideration.

## I. BACKGROUND

A Deputy from the Columbia County Sheriff's Department arrested Brian Hinshaw ("Hinshaw") for outstanding warrants on October 10, 2021. Hinshaw was subsequently booked into and detained at the Columbia County, Arkansas Detention Center ("CCDC"). Hinshaw's health began to deteriorate significantly during his confinement. CCDC personnel found Hinshaw dead in his holding cell on October 14, 2021.

Plaintiff filed his Complaint on January 18, 2023. ECF No. 2. Plaintiff brings claims pursuant to 42 U.S.C. § 1983, Arkansas tort statutes related to wrongful death, and the Arkansas Civil Rights Act. Plaintiff names Columbia County, Arkansas, and numerous personnel of the Columbia County Sheriff's Department and the CCDC as Defendants. Plaintiff brings his § 1983 claims against Defendants in their individual and official capacities. Plaintiff asserts that Defendants exhibited tortious and unconstitutional indifference to Hinshaw's medical issues

during his confinement in the CCDC, which ultimately resulted in Hinshaw's death on October 14, 2021.

Separate Defendant Elkins subsequently filed the instant *pro se* motion to dismiss. ECF No. 25. Defendant Elkins argues that he cannot be liable for Plaintiff's claims because he did not begin his work as a medical officer at the CCDC until weeks after Hinshaw's death. Plaintiff has not responded to the instant motion, and the time to do so has passed. *See* Local Rule 7.2(b). While Elkins never explicitly states that his motion is pursuant to Federal Rule of Civil Procedure 12(b)(6), liberally interpreting his motion permits the Court to view it as such. *See Erickson v. Pardus*, 551 U.S. 89, 95 (2007) (noting that *pro se* filings must be construed liberally).

## II. STANDARD OF REVIEW

A pleading must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more that an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). While factual allegations in a complaint are presumed true, unsupported legal conclusions presented as facts are not sufficient to show a pleader is entitled to relief. *See id.* (citations omitted). There must be factual allegations underlying a complaint such that the claim of misconduct is sufficiently plausible on its face and not merely a possibility. *See id.* at 678-79 (citations omitted). Sufficiently supporting a claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Upon motion, a party against whom a claim for relief is sought may assert the defense that the claim is not one upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court evaluates the

complaint in the light most favorable to the non-moving party. *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (citations omitted).

### III. DISCUSSION

Separate Defendant Elkins argues that he cannot possibly be an appropriate defendant for these claims because he did not work at the CCDC during the timeframe alleged in the complaint. ECF No. 25, p. 1-2. Specifically, Elkins contends that his first day of work at the CCDC was November 1, 2021, which was weeks after Hinshaw's death in the CCDC. Therefore, Elkins requests that the claims against him be dismissed. As previously noted, Plaintiff has not responded in opposition to Elkins' request for dismissal.

The Court finds that Plaintiff has failed to state a plausible claim for relief against Defendant Elkins. The entirety of the allegations against Defendant Elkins are contained in the Complaint's list of "Defendants," which tersely asserts that Elkins was responsible for Hinshaw's medical care while in the CCDC. ECF No. 2, p. 5. However, Plaintiff's recitation of alleged facts never makes a specific allegation against Defendant Elkins or connects him to any of the actions taken during Hinshaw's period of confinement in the CCDC. *Id*. at p. 8-18. Indeed, Defendant Elkins' name is never mentioned in Plaintiff's recitation of alleged facts. This is in stark contrast to the specific allegations against other Defendants, such as Separate Defendant Aaron Harvin. *Id*. at p. 11-13. Plaintiff at times refers to the actions of "all" Defendants for conclusory legal statements about violations of constitutional rights and standards of care, but not for specific factual allegations. *Id*. at p. 15-18. These conclusory statements cannot replace the allegations needed against Defendant Elkins to make Plaintiff's claims against him sufficiently plausible instead of merely possible. *See Iqbal*, 556 U.S. at 678-79. Plaintiff has failed to respond in opposition and argue what aspect of his complaint makes specific allegations against Defendant

Elkins.  Therefore, evaluating the complaint in the light most favorable to Plaintiff, the Court finds that there are no factual allegations against Defendant Elkins sufficient to state a claim for relief that can be granted.  Defendant Elkins' request for dismissal pursuant to Rule 12(b)(6) must be granted.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant Elkins' Motion to Dismiss (ECF No. 25) should be and hereby is **GRANTED**.  Plaintiff's claims[1] against Defendant Elkins are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 26th day of June, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Plaintiff's § 1983 official capacity claim against Defendant Elkins is functionally a suit against Columbia County, Arkansas.  *See Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020) (claims against defendants in their official capacities are treated as claims against the municipality for which they are agents).  Thus, the official capacity claim against Defendant Elkins was functionally the same claim as the official capacity claims against the remaining Defendants.